[Dkt. No. 46]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

UNITED STATES OF AMERICA,   :

                               :     Crim. No. 18-463 (RMB)

    v.                     :

                               :

SAMUEL AXALCO-HUERTA     :     **MEMORANDUM ORDER**

                               :

---

This matter comes before the Court upon Defendant Samuel Axalco-Huerta's Motion for Bail [Dkt. No. 46] pending his hearing regarding his alleged violations of supervised release.

On November 23, 2009, Defendant was deported from the United States. Thereafter, Defendant illegally entered the country and on September 3, 2018, was charged with 8 U.S.C. 1326(a) (Illegal reentry). On January 30, 2019, this Court sentenced Defendant to time served and one year of supervised release. On October 31, 2019, this Court issued a warrant for the Defendant's arrest based upon yet again illegal re-entry into the United States in violation of the terms of supervised release.

Defendant argues that due to the COVID-19 pandemic he should be released pending resolution of the violation of supervised release hearing. He contends that he is not a flight risk and poses no danger to the community.

The Court has assessed the factors under 18 U.S.C. 3142(g) and finds that detention is warranted.  As to the nature of the violation, this Court's granting of bail would ironically reward Defendant for his criminal conduct.  Defendant does not deny that he entered this country illegally in violation of this Court's Orders, as well as Immigration and Customs Enforcement (weight of the evidence); he simply asks that this Court permit him to be with his family until the Court adjudicates his case which he has now delayed by filing the within motion.  In good conscience, the Court canno countenance such conduct, and this factor weighs against the Defendant.  As to the risk of flight, Defendant, who has a repeated history of illegally re-entering the United States (Defendant's history and characteristics) argues that he poses no such risk because he will be with his family who are located in New Jersey.  The Court is not persuaded.  Given the penalties he faces – in addition to the prospect of additional charges being brought against him as the Government indicates - the Defendant, along with his family, has a strong incentive to flee elsewhere in the country.  Moreover, the Court questions Defendant's veracity.  When this Court sentenced him on January 30, 2019, he told the Court that he was going to take his children back to Mexico to be with him.  See Dkt. No. 45, at 25.  He broke his promise to the this Court once.  There is good reason to distrust Defendant's words here.

2

As to the COVID-19 crisis, it is one that has affected the entire country.  Defendant admits that he does not have any medical condition that makes him particularly vulnerable, and as set forth in the Government's opposition, the Federal Detention Center where Defendant is detained has implemented measures to prevent and protect from the spread of the virus.

Accordingly, for the above reasons,

IT IS ON THIS **10th** day of **July** **2020**, **ORDERED** that Defendant's Motion for Release pursuant to Federal Rule of Criminal Procedure 32.1 and 18 U.S.C. § 3143(i)(1)(a)(1) is **DENIED**.

.

> s/Renée Marie Bumb_____
> RENÉE MARIE BUMB
> United States District Judge